UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HEATHER McCANN, | : | Case No. 1:15-cv-440 |
| Plaintiff, | : | |
| vs. | : | Judge Timothy S. Black |
| WEST CHESTER HOSPITAL, LLC, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 44)**

## I. INTRODUCTION

This case is one of hundreds of cases in both Ohio state courts and federal courts stemming from the alleged conduct of an orthopedic surgeon named Abubakar Atiq Durrani who formerly lived and worked in the Cincinnati area. In 2013, allegations surfaced that Dr. Durrani had for years subjected his patients to unnecessary surgeries without informed consent as part of a financial scheme. Dr. Durrani was criminally indicted in late 2013, but fled to his native Pakistan before trial. There is no indication he will return. In his absence, hundreds of allegedly wronged patients have filed civil suits against numerous related parties, from Dr. Durrani himself, to the facilities where surgeries allegedly took place, to the manufacturers of the medial products that were allegedly inserted into patient s without their informed consent. The majority of the plaintiffs in these various lawsuits are represented by a single law firm, the Deters Law Office.

1

In the case currently before this Court, Plaintiff Heather McCann, represented by the Deters Law Office, has filed a proposed class action suit against Defendants West Chester Hospital, LLC and UC Health.  The amended complaint advances claims of fraud and negligent credentialing, supervision, and retention.  (Doc. 49).[1]

The proposed class advanced by the amended complaint is "all persons who received PureGen Osteoprogenitor Cell Allograft ("PureGen") from defendants during either cervical, thoracic, or lumbar spine surgeries: (i) performed at either West Chester Hospital or hospitals and surgical centers owned or operated by UC Health, (ii) from October 10, 2011, to the date of filing of this action (collectively, the "Class")."  (*Id.* at 2–3).  However, that class specifically excludes certain individuals:

> Excluded from this definition is: (1) Plaintiff's Counsel; (2) the Court and its staff; (3) Defendants, their agents, employees, officers, and attorneys; and (4) all persons **other than the named Plaintiff** who have previously commenced a civil action in any court of competent jurisdiction asserting claims, counterclaims, or causes of action against either defendant arising from or attributable to defendants' sale, transfer, or use of PureGen at West Chester Hospital.

(*Id.* at 3 (emphasis added)).

Defendants filed a motion to dismiss the complaint on April 17, 2017.  (Doc. 44).

---

[1] The amended complaint in this case was filed May 9, 2017, after the motion to dismiss currently before the Court was filed, but before Defendants filed their reply supporting the motion to dismiss.  Defendants' reply to their motion to dismiss (Doc. 51) addresses the amended complaint, and the arguments from the motion to dismiss are equally applicable to the amended complaint.  Accordingly, the Court will apply the arguments from Defendants' motion to dismiss to the amended complaint.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) authorizes courts to strike "from any pleading any insufficient defense or any redundant, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of the Rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Kennedy v. Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986). A Rule 12(f) motion is the preferred method for addressing class allegations that cannot be cured by discovery. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *see also Rikos v. Procter & Gamble Co.*, No. 1:11-CV-226, 2012 WL 641946, at *4 (S.D. Ohio Feb. 28, 2012). Because "[a] party seeking class certification must affirmatively demonstrate his compliance with [Federal Rule of Civil Procedure 23]," *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (U.S. 2011), certification is proper only "if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). A failure to satisfy any of the Rule's requirements "dooms the class." *Pilgrim*, 660 F.3d at 946.

There are two parts to Rule 23. Part (a) requires that the party seeking class certification must show the numerosity, commonality, typicality and adequacy of representation. Part (b) requires the party to show that questions of law or fact common among class members predominate over questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. In addition to these explicit requirements is an implicit one: a party must show also that the proposed class is "sufficiently definite so that it is

administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537–38 (6th Cir. 2012) (internal citations omitted). A successful class definition is one that is based on objective criteria so that class members may be identified without individualized fact finding. *Crosby v. Social Sec. Admin.*, 796 F.2d 576, 580 (1st Cir. 1986); *see also* 7A Wright & Miller, Federal Practice and Procedure, § 1760 (3d ed.) (noting that the class description must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member."). An unsuccessful class definition is one that is based on "subjective standards . . . or terms that depend on resolution of the merits[.]" Manual for Complex Litigation (Fourth) § 21.222 (2004).

### III. ANALYSIS

#### A. The proposed class does not have a proper class representative

Defendants argue in their motion to dismiss that class certification should be denied and the complaint should be dismissed because Heather McCann is not a proper class representative for the proposed class in the complaint. Defendants are correct.

The putative class defined by the amended complaint includes all persons who were implanted with PureGen during procedures performed at facilities run by Defendants. (*See* Doc. 49, at 2–3). However, in an attempt to avoid the issue of duplicative litigation, the proposed class comes with the caveat that "all persons **other than the named Plaintiff** who have previously commenced a civil action in any court of

4

competent jurisdiction asserting claims, counterclaims, or causes of action against either defendant arising from or attributable to defendants' sale, transfer, or use of PureGen at West Chester Hospital" are not to be included.  (Doc. 49, at 3 (emphasis added)).

The fundamental problem with this class as defined by Plaintiff is that Heather McCann is specifically included in a class in which she would not otherwise belong for no logical reason other than as a brazen attempt to avoid dismissal for lack of a proper representative plaintiff.  Heather McCann is currently represented by the Deters Law Office in an Ohio state court action raising similar claims against the defendants in the present action (among others).  *McCann v. Durrani, et al,* Hamilton County Court of Comm. Pl. No. A1502909 (May 29, 2015).  She does not meet the objective criteria used to define the putative class in this case.  The Court cannot allow the Deters Law Office to use Ms. McCann as a vehicle to keep its proposed class action afloat by proposing a class that is not based solely on objective, generalized criteria.  The only class that could be properly certified in this action would require striking the phrase "other than the named Plaintiff" from the proposed class in the amended complaint.

Once the improper phrase specifically adding Heather McCann to the proposed class is stricken, it is clear that Ms. McCann is not a member of the proposed class.  That is the end of this Court's necessary inquiry into the merits of this class action, as the Supreme Court has quite clearly stated that "a class representative must be part of the class."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)).

Without Ms. McCann, the proposed class from the complaint has no class representative.[2] With no named party pursuing the claims of the complaint, this case must be dismissed.

### IV. CONCLUSION

Ultimately, there appears to be little need for this class action, which seems to this Court to merely be an attempt by the Deters Law Office to "corner the market" on any potential plaintiffs they may have missed who are not among the hundreds of plaintiffs currently pursuing their claims in Ohio state court. This is an inappropriate use of the class action mechanism, and if allowed would create duplicitous litigation that would threaten to waste judicial resources and prolong the ultimate resolution of the many serious claims arising from the alleged acts of Dr. Durrani. As it stands, allowing this complaint to proceed would serve no one but Plaintiff's counsel.

Accordingly, **IT IS ORDERED** that Defendants' motion to dismiss (Doc. 44) is **GRANTED** and the amended complaint (Doc. 49) is **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment accordingly, whereupon this civil action shall be **CLOSED**.

---

[2] The Court notes that the difference between Ms. McCann and the potential members of the putative class is not merely superficial. If allowed to serve as a class representative in this case, Ms. McCann would be simultaneously advancing two cases against the same defendants seeking similar relief. The progress of one case might dictate the level of attention or effort given to the other; if Ms. McCann's state case progresses in her favor, it would be reasonable to expect that her energy would be directed away from the present case and towards the state case so as to maximize her chances of recovery. This is an untenable situation, and perfectly illustrates why the Supreme Court has held that lead plaintiffs in a class action are required to be class members.

**IT IS SO ORDERED.**

Date: July 25/17

_Timothy S. Black_
Timothy S. Black
United States District Judge